UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PERCIVAL CHARLES FERRIS, JR.,

    Plaintiff,

v.                                                         Case No. 3:23cv24017-LC-HTC

GOVERNOR RON DESANTIS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Percival Charles Ferris, Jr., a prisoner proceeding *pro se* and *in forma pauperis*, initiated this case with a complaint regarding various issues related to his confinement at Walton Correctional Institution. ECF Doc. 1. After the Court explained to Plaintiff the deficiencies of the complaint and provided detailed instructions on amending the complaint, Plaintiff filed an amended complaint which fails to attempt to correct any of the deficiencies identified. Doc. 14. Therefore, the undersigned recommends that Plaintiff's amended complaint be dismissed for failure to follow a court order and as an impermissible shotgun pleading.

On September 5, 2023, the Court instructed Plaintiff that his complaint was deficient for several reasons. Doc. 5. The Court explained to Plaintiff that his complaint exceeded the 25-page limitation of N.D. Fla. Loc. R. 5.7(B); appeared to

be a stream of consciousness recitation of various facts and claims, which amounts to an improper "shotgun" pleading; and improperly combined unrelated claims which cannot be joined in one action. The Court cited Fed. R. Civ. P. 8 (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief") and Fed. R. Civ. P. 20 (claims against multiple defendants may be joined in one action only if they arise out of same transaction, occurrence, or series of transactions or occurrences" or involve a "question of law or fact common to all defendants"). The Court then gave Plaintiff twenty-one days to file an amended complaint that cured these deficiencies. *Id.* The time to comply was later extended to November 16, 2023, Doc. 13, and Plaintiff filed his amended complaint on that date by delivering it to prison mail officials. Doc. 14.

The amended complaint, however, fails to correct, or seemingly even attempt to correct, the identified deficiencies. The amended complaint contains all of the claims in the original complaint, and remains a rambling, nonsensical, 34-page complaint that inappropriately raises dozens of unrelated issues from May 2022 to the present: being housed at a non-ADA facility, lack of staff training in ADA mental health issues, inadequate physical medical care, inadequate mental health care, denial of a job assignment as an inmate law clerk, interference with prison mail, inappropriate use of FDOC funding, retaliation, "a systemic scheme" to make exhaustion of administrative remedies unavailable, failure to protect, excessive use

of force, and lack of access to the law library. Thus, his amended complaint remedies none of the deficiencies of the original complaint.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); *see also Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (finding dismissal appropriate where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned") (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

"[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). The Eleventh Circuit has explicitly rejected complaints, such as Plaintiff's amended complaint, as impermissible shotgun pleadings:

> We agree with the district court that Toth's amended complaint is an impermissible shotgun pleading. The amended complaint combines two of our categories of shotgun pleadings: it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; and it does not separate "each cause of action or claim for relief" into a different count. *See Weiland*, 792 F.3d at 1322–23. Although the amended complaint enumerates the legal rights of which Toth was allegedly deprived and which principles each defendant allegedly violated, it does not separate his claims by cause of action, draw any clear lines between the legal and factual bases for his

Case No. 3:23cv24017-LC-HTC

claims, or set forth the elements of any of his claims. Given these numerous problems, we agree the defendants "could not reasonably be expected to frame a responsive pleading." *Jackson*, 898 F.3d at 1358. The complaint thus warrants dismissal.

*Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019), *cert. denied*, No. 19-7709, 2020 WL 1978972 (U.S. Apr. 27, 2020). The same type of deficiencies plague Plaintiff's amended complaint.

Also, Plaintiff's various claims, even if they were sufficiently stated, which they are not, would not be sufficiently related under Rule 20 to permit their joinder in a single complaint. *See Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (affirming dismissal of complaint where "Plaintiff's complaint alleged a variety of unrelated claims against different corrections officers, arising out of different events and occurring on different dates").

Moreover, the fact that the undersigned specifically instructed Plaintiff concerning the deficiencies in his complaint, and Plaintiff ignored that instruction, makes dismissal of his complaint, rather than another attempt at amendment, particularly appropriate. It is long settled in the Eleventh Circuit that the dismissal of a *pro se* complaint is appropriate where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint. *Ramos v. Katzman Chandler PA*, No. 20-13485, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (per curiam) (affirming dismissal of an amended complaint nearly identical to the original complaint as an impermissible shotgun pleading when plaintiffs failed to

address pleading deficiencies identified by court"); *Pipore v. Oliver*, 2023 WL 7367687, at *3 (S.D. Ga. Oct. 2, 2023), *report and recommendation adopted,* No. CV 123-055, 2023 WL 7336723 (S.D. Ga. Nov. 7, 2023) (dismissing amended complaint because "Plaintiff filed another quintessential shotgun pleading that includes a litany of undetailed, conclusory allegations; at points fails to specify which defendant did what; and includes a combination of wholly unrelated claims that occurred over two to three years while incarcerated at ASMP, all in violation of Federal Rule of Civil Procedure 20").

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as an impermissible shotgun pleading, which fails to state a claim for relief, and for failure to follow court orders.

2. That the clerk close the file.

At Pensacola, Florida, this 29th day of November, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:23cv24017-LC-HTC